# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LARRY WAYNE PRICE, JUNIOR,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Krista Consiglio, Assistant United States Attorney, Roanoke, Virginia, for Plaintiff; Thomas J. Bondurant, W. William Gust, and Jennifer S. DeGraw, Gentry Locke LLP, Roanoke, Virginia, for Defendant.*

The United States filed this civil case pursuant to 18 U.S.C. § 1345, seeking an injunction prohibiting the defendant, Larry Wayne Price, Jr., from alienating or disposing of his property derived from money laundering.[1] The United States

---

[1] Section 1345 provides in pertinent part that

If a person is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation (as defined in section 3322(d) of this title) or a Federal health care offense or property which is traceable to such violation, the Attorney General may commence a civil action in any Federal court—

(A) to enjoin such alienation or disposition of property; or

(B) for a restraining order to—

(i) prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value; and

sought a temporary restraining order ("TRO"), which was granted on June 11, 2018, after notice to Price. The TRO restrained him from transferring or disposing of property obtained as a result of money laundering, or property of equivalent value of $17,725,000. The TRO has since been extended by agreement of the parties and is still in effect. At the request of the United States, I also appointed a temporary receiver (the "Receiver") to administer the TRO and to establish Price's assets and a monthly budget of his living expenses. Thereafter, Price filed a petition seeking to amend the TRO to allow the sale of untainted property, and to use the proceeds to pay his legal fees, not only in this case, but for his tax, corporate, and creditor issues, and for the defense of criminal prosecutions pending in this court and in the United States District Court for the District of Montana. Subsequently, and without objection by the United States, I approved the sale by consignment of certain itemized jewelry originally purchased by Price for $1,055,922. In addition, it is alleged that the sale of firearms and guitars owned by Price is contemplated.

---

      (ii) appoint a temporary receiver to administer such restraining order.

18 U.S.C. § 1345(a)(2).

Price has now filed a Petition for Attorneys' Fees in which greater detail is provided relating to the request for attorneys' fees. He requests the court to approve payment from the sale of his untainted assets for the following:

> 1) Legal fees, costs, travel, meals, lodging, and witness fees/costs for the criminal defense of Mr. Price in the United States District Court, WDVA, a flat fee of $75,000;
>
> 2) Legal fees, costs, travel, meals, lodging, and witness fees/costs for the criminal defense of Mr. Price in the United States District Court, District of Montana, a flat fee of $275,000;
>
> 3) Legal fees, costs, and expenses for local counsel for the criminal defense of Mr. Price in the United States District Court, District of Montana, a flat fee of $25,000; [and]
>
> 4) Legal fees, costs, and expenses for representation in pending and anticipated civil matters, and for assistance with the sale of assets to be billed on an hourly basis at the following agreed rates: Gentry Locke partners at a rate of $375 per hour and associates at a rate of $300 per hour, and local counsel in Montana at a rate of $300 per hour for partners and $250 per hour for associates.

Pet. 2, ECF No. 50. Counsel for Price has since advised the court that the current unpaid amount of legal fees described in paragraph 4 above is $90,757.81, and that it is contemplated that further amounts of attorneys' fees as incurred will be billed on a monthly basis for approval by the Receiver.

The United States does not object to the release of untainted funds to pay reasonable attorneys' fees in the Montana criminal case, since it believes that such payments are appropriate in a "parallel criminal case." United States' Resp. 7,

ECF No. 23.² It objects to payment for the criminal case pending in this court and to any payments for other legal services to Price.

In *Luis v. United States*, 136 S. Ct. 1083 (2016), an action brought by the United States under § 1345, the Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Id.* at 1088. It is true that in *Luis* the request for counsel fees was for the defense of a criminal case charging the same conduct — health care fraud — as the grounds for the § 1345 action by the government. But there is nothing in the Supreme Court's decision that limited its holding to parallel criminal prosecutions. While the prosecution pending in this court does not charge the money laundering offenses asserted in this § 1345 action, it nevertheless charges serious crimes — three separate instances of lying to agents of the FBI and IRS. Even if there is no direct connection between that prosecution and the grounds for the § 1345 action, I find that it is appropriate to permit the use of the defendant's

---

² In postponing the trial in Montana and extending the speedy trial time, the presiding judge stated that

> Price is accused of six counts of Wire Fraud in violation of 18 U.S.C. §1343. Further, Defendant is subject to forfeiture allegations. The counts carry a penalty of 20 years imprisonment, $250,000.00 fine, and three years of supervised release. Defense counsel asserts that additional time is required to review approximately 3 to 3.5 million pages of discovery and describes this as a complex paper case. Counsel is anticipating this case will take four weeks to try.

Order, ECF No. 30, *United States v. Price*, No. 1:18-cr-00085 (D. Mont. Aug. 9, 2018).

untainted funds to obtain legal counsel for the criminal case in this district, in protection of his Sixth Amendment rights.[3]

The remaining issue is whether it is appropriate to allow payment of attorneys' fees for services rendered in the present § 1345 case, including advice to Price regarding the sale or other disposition of his assets. The United States argues that it is not appropriate, since there is no constitutional right to counsel in civil matters, and thus *Luis* does not apply.

I disagree. While § 1345 is technically a civil matter, the defendant here shares the same position as a defendant in a criminal forfeiture case. *See United States v. All Funds on Deposit,* 767 F. Supp. 36, 42 (E.D.N.Y. 1991) (comparing civil in rem forfeiture proceeding to criminal forfeiture). Indeed, criminal forfeiture is sought in the Montana case, which the United States concedes is a parallel proceeding. Moreover, as a practical matter, the defense of both the Montana case and this action by the same lawyers will be beneficial to all parties in

---

[3] The United States also argues that Price has provided it with a preliminary asset list totaling $35,146,000 in value, and that because the TRO only covers tainted assets, or property of an equivalent value of $17,725,000, Price likely should be able to finance his legal fees without amending the TRO. However, the TRO also expressly restrains what appears to be all of Price's known bank accounts, TRO 2–3, ECF No. 4, making it likely impossible for Price to obtain cash to make such payments, even were he able to identify to the satisfaction of the United States his untainted assets above $17,725,000 in value.

coordinating possible resolution of the issues and by preserving the value of the defendant's assets, for the benefit of any victims in the event he is convicted.[4]

The United States does not dispute the reasonableness of the attorneys' fees requested. I find them reasonable. Flat fees in criminal cases are routine, and the amounts sought are justified based on the apparent complexity of the cases. As to the hourly rates requested, they appear proper in light of my knowledge from other similar matters before this court.

While I will thus approve the payment of the attorneys' fees requested, I do so only from the proceeds of the sale of the jewelry previously authorized. I expressly do <u>not</u> approve any other sales of Price's property or the use of the proceeds from any such sales for attorneys' fees. Different considerations may apply to such future sales, which I do not have before me at the present.

The United States has also objected to the amount of the proposed payment of living and business expenses for the defendant, as requested. I will refer that issue to the Receiver, in accord with my prior order of appointment. If a party objects to the Receiver's determination, such objection may be presented to the court, if promptly filed. Similarly, the United States objects to the payment of real

---

[4] Counsel for two alleged victims of the wire fraud offenses charged in the Montana case, Ninety M, LLC, and Three Blind Mice LLC, have entered an appearance for those entities in this case and have objected to payment of the defendant's legal fees. I note that no motion to intervene in this case has been filed for either entity and I express no opinion as to whether such motions would be granted.

estate mortgage and other loan installment payments by the defendant, while the defendant points out that otherwise, those assets will be lost to foreclosure. I will leave the approval of such payments to the Receiver. In lieu of such a payment, the Receiver or a party may propose to the court the sale of the asset.

For the foregoing reasons, it is **ORDERED** as follows:

**1.** The Petition to Amend Temporary Restraining Order ("TRO"), ECF No. 20, and the Petition for Attorneys' Fees, ECF No. 50, are GRANTED IN PART AND DENIED IN PART;

**2.** The payment of attorneys' fees, costs, and expenses is APPROVED as follows:

**A.** To Gentry Locke LLP, the sum of $75,000, as a flat amount to include all past, present, and future fees, costs and expenses, for the representation of the defendant Larry Wayne Price, Jr., in the criminal prosecution in the United States District Court for the Western District of Virginia, Case No. 1:18-cr-00015. It is understood that such payment does not include representation of the defendant in any appeal from final judgment in the case, or any collateral proceeding seeking to set aside any conviction or sentence;

**B.** To Gentry Locke LLP, the sum of $275,000, as a flat amount to include all past, present, and future fees, costs and expenses, for the representation of the defendant Larry Wayne Price, Jr., in the criminal prosecution in the United

States District Court for the District of Montana, Case No. 1:18-cr-00085. It is understood that such payment does not include representation of the defendant in any appeal from final judgment in the case, or any collateral proceeding seeking to set aside any conviction or sentence;

  **C.** To local counsel in Montana, the sum of $25,000, as a flat amount to include all past, present, and future fees, costs and expenses, for the representation of the defendant Larry Wayne Price, Jr., in the criminal prosecution in the United States District Court for the District of Montana, Case No. 1:18-cr-00085. It is understood that such payment does not include representation of the defendant in any appeal from final judgment in the case, or any collateral proceeding seeking to set aside any conviction or sentence;

  **D.** To Gentry Locke LLC, legal fees, costs, and expenses for (1) representation of the defendant in this civil action under § 1345, (2) representation of the defendant in any other civil action necessary for the defense or resolution of this action, and (3) providing legal advice and assistance to the defendant as to the sale or other disposition of his assets. If necessary, local counsel in Montana may be retained for such representation, advice, or assistance. Legal fees are on an hourly basis at the following rates: Gentry Locke partners at a rate of $375 per hour and associates at a rate of $300 per hour, and local counsel in Montana at a rate of $300 per hour for partners and $250 per hour for

associates. All such legal fees, costs, and expenses incurred must be billed on a monthly basis, with a copy to the defendant and to the Receiver. The billing must list each service performed and the time incurred for each such service, and an itemization of each cost and expense incurred, and the purpose thereof. The Receiver must approve each monthly billing before payment. The Receiver may refer any issue producing uncertainly in the mind of the Receiver as to the propriety of any amount requested to the court for resolution, but absent any such issue, court approval is not required for payment. The United States shall be provided by the Receiver with the total amount of each billing that has been approved, but not the billing itself or its details; and

      **E.** Gentry Locke LLC is now entitled to the payment of $90,757.81, representing prior legal fees, costs, and expenses incurred in accord with the purposes set forth in paragraph D above.

  **3.** The payment of the legal fees, costs, and expenses described herein must be solely from the proceeds of the sale of jewelry as described herein, unless permitted by future order of this court. Such proceeds shall be paid into the trust account of Gentry Locke LLC and disbursed by that firm as authorized by this Order, and as to monthly billings under paragraph D above as authorized by the approval of the Receiver or the court.

The Clerk shall provide a copy of this Opinion and Order to the Receiver and to counsel for Ninety M, LLC, and Three Blind Mice LLC.

ENTER: October 11, 2018

/s/ *James P. Jones*
United States District Judge